SO ORDERED.

SIGNED this 22nd day of June, 2016.





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>WILLIE LAMONT COOPER, SR,<br>& ROSLYN COOPER<br>　　　　　Debtors. | Case No. 16-10345<br>Chapter 7 |
| WESTERN CREDIT, INC.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>THE SHAREHOLDRS OF ROSLAND<br>LIVESTOCK, INC., a forfeited corp.,<br>WILLIE L. COOPER, SR &<br>ROSYLN COOPER, et al<br><br>　　　　　Defendants. | Adv. No. 16-5045 |

ORDER GRANTING MOTION TO ABSTAIN AND REMANDING CASE
TO SEDGWICK COUNTY DISTRICT COURT

1

In general, bankruptcy courts must abstain from hearing cases that couldn't have been filed in federal court without having been raised in a bankruptcy case if the action has already begun before the bankruptcy filing and can be timely adjudicated in an appropriate state court.[1] The bankruptcy court may also exercise permissive abstention in the interests of justice, comity, or respect for state law.[2] Finally, federal courts may remand cases removed to them on "any equitable ground."[3]

Western Credit, Inc. sued Willie and Roslyn Cooper in Sedgwick County District Court to foreclose its mortgage on their home in August of 2015. The Coopers filed several counter-claims alleging that Western had violated federal truth-in-lending laws, in particular, the Home Ownership and Equity Protection Act of 1994 (HOEPA) which caps the interest rate payable on certain residential mortgage loans.[4] After discovery began in that case, and after Western filed a motion for summary judgment, the Coopers filed a chapter 13 case here (Mr. Cooper's second in three years) and removed the foreclosure case to this Court on March 16, 2016. Given the advanced stage of the state court proceeding when it was removed, I should abstain from hearing it here. Western's motion to abstain and remand is GRANTED.[5]

---

[1] 28 U.S.C. § 1334(c)(2).
[2] 28 U.S.C. § 1334(c)(1).
[3] 28 U.S.C. §1452(b).
[4] 15 U.S.C. § 1602(aa) *et seq*.
[5] Western Credit Inc. appears by its attorney Patricia E. Hamilton. Willie and Roslyn Cooper appear by their attorney Elizabeth A. Carson.

Facts

In 2015, Willie Cooper defaulted on the chapter 13 plan previously confirmed in his 2014 chapter 13 case.[6] When he did, Western's conditional order granting stay relief took effect, allowing Western to enforce its loan documents.[7] Eventually, the chapter 13 case was dismissed.[8] Western sued the Coopers in state court on August 15, 2015 and amended its petition in October.[9] In November, the Coopers filed their answer and counterclaims alleging, among other things, that their loan was subject to HOEPA and that Western had violated that statute as well as other parts of the Truth in Lending laws. The Coopers allege that Western should be forced to disgorge all of the finance charges it has collected, about $93,000, as a statutory penalty for its conduct.

In January of 2016, the state court entered a scheduling order that provided for discovery to be completed by March 25, 2016, a pretrial conference to be conducted on April 7, 2016 and a bench trial to be held on May 24, 2016. On February 11, Western filed a motion for summary judgment. On March 2, the Coopers filed a motion to extend their time to respond and requested a March 14 hearing on that motion. On that day, they filed this chapter 13 case and, two days later, removed the foreclosure case to this Court, opening this adversary proceeding. Western then

---

[6] Case no. 14-40932.
[7] Case no. 14-40932, Doc. 51, p. 5, ¶ 21. Roslyn consented and agreed to the terms and conditions of the Agreed Order on Western's Motion for Relief from Automatic Stay, as evidenced by her signature thereon.
[8] Case no. 14-40932, Order of Dismissal, Doc. 119.
[9] Sedgwick County case no. 15 CV 2151.

3

moved for this Court to abstain or remand.[10] On June 16, Western moved to disqualify the Coopers' counsel for a conflict of interest.[11]

Analysis

Section 1334(a) of the Judicial Code confers original and exclusive jurisdiction of all cases under Title 11 of the U.S. Code on the United States District Courts.[12] Section 1334(b) confers original, but not exclusive, jurisdiction of all proceedings that arise under title 11, arise in, or are related to cases under title 11. Section 157(a) allows the district courts to refer all such cases and proceedings to the bankruptcy judges in their district and § 157(b) provides that we may hear all cases and core proceedings arising under or arising in a title 11 cases.[13] So while I have nominal jurisdiction of this proceeding, § 1334(c)(2) requires that if a party makes a timely request, I must abstain from a matter that could not have been commenced in federal court absent § 1334 jurisdiction if the action was commenced and may be timely adjudicated in state court. Even if abstention is not mandatory, § 1334(c)(1) permits a bankruptcy court to exercise its discretion to abstain when doing so would be in the interest of justice, or in the interest of comity or respect for state law.

As the Tenth Circuit Bankruptcy Appellate Panel has explained,

> Mandatory abstention applies when all of the following elements are present: (1) the motion to abstain was timely; (2) the action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely

---

[10] Doc. 5.
[11] Doc. 11.
[12] 28 U.S.C. § 1334.
[13] The district court of this District refers all such cases and matters to its bankruptcy judges by local rule and standing order. See D. Kan. R. 83.8.5 and "Amended Standing Order of Reference" dated June 24, 2013, Standing Order 13-1.

4

adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; (6) the matter is non-core.[14]

Here, the motion for remand and for abstention was timely filed 21 days after the notice of removal.[15] Western's action to foreclose is predicated on Kansas law and had been commenced in Sedgwick County long before it was removed here. As mentioned, there is no independent basis for federal jurisdiction of Western's petition. Finally, the state court action is likely not a core proceeding.[16]

Only the last factor seems open to discussion. Proceedings are core if they rely on bankruptcy law for their genesis.[17] To the extent that Western's action relates to the allowing or disallowing of Western's claim against the Coopers, it is core. But the Coopers' counterclaims are not core because they in no way rely on bankruptcy law for their existence. They are predicated on a separate federal statutory scheme. Nothing precludes this court from deferring to the state court proceeding to allow Western's claim. Both the claim and the counterclaims could be pursued in courts other than the bankruptcy court.[18]

When the Coopers removed this matter, they had recently requested additional time to respond to Western's summary judgment motion. Discovery was fifteen days

---

[14] *Telluride Asset Resolution, LLC v. Telluride Global Dev., LLC (In re Telluride Income Growth, LP)*, 364 B.R. 390, 398 (10th Cir. BAP 2007).
[15] D. Kan. L.B.R. 9027.1(b). Neither § 1334(c)(2) nor Fed. R. Bankr. P. 5011 specifies the time period in which a motion for abstention must be brought. *In re Midgard Corp.*, 204 B.R. 764, 776-77 (10th Cir. BAP 1997) (Remand motion filed 8 days after removal that requested abstention was timely); *In re Marathon Home Loans*, 96 B.R. 296 (E.D. Cal. 1989) (because mandatory abstention is a limit on removal that cannot be ignored, a timely motion for remand that invokes the concepts underlying abstention, without specifically requesting abstention, is satisfactory). *See also* 28 U.S.C. § 1447(c) (requiring remand motion to be filed within 30 days of the notice of removal).
[16] *See* 28 U.S.C. § 157(b)(2).
[17] *See In re United Methodist Youthville, Inc.*, 289 B.R. 754, 757 (Bankr. D. Kan. 2003).
[18] *Santander Consumer, USA, Inc. v. Houlik (In re Houlik)*, 481 B.R. 661, 674 (10th Cir. BAP 2012).

from completion with a trial having been set for May. The state court could have "timely adjudicated" the case as § 1334(c)(2) contemplates.

Even if this case doesn't meet the elements of mandatory abstention, §1334(c)(1) grants discretion to abstain in the interests of justice, comity, or respect for state law. Courts considering whether to exercise permissive abstention often consider a variety of factors. Will abstention affect the efficient administration of the estate? Is there a related proceeding in the nonbankruptcy court? Is there another basis for federal jurisdiction? Is the proceeding related to the main bankruptcy case? Do the circumstances suggest forum shopping by a party?[19]

This case was removed while Western's summary judgment motion was pending and after the Coopers requested additional time to respond to it. Trial was two months away. The state court is familiar with this matter and should be permitted to hear it.[20] Allowing this proceeding to be concluded in state court will not delay confirmation any more than concluding it here would. Had it gone to trial in May as planned, we would already be in a position to allow Western's claim, reduced as necessary by the Coopers' counterclaims. There being no basis for original federal jurisdiction of the foreclosure, the only federal "hook" here are the truth in lending counterclaims based on HOEPA, a federal statute. There was a pending state court

---

[19] *See* 1 NORTON BANKR. L. & PROC. 3D § 8.6 (Thompson/West 2016). *See also In re Lunt*, 2011 WL 1656404 (Bankr. D. Kan. May 2, 2011).

[20] Note that the automatic stay has expired as to debtor Willie Cooper because his previous chapter 13 case was pending within a year of this one being filed and he did not request that it be extended. *See* 11 U.S.C. § 362(c)(3). Western remains stayed as to Roslyn Cooper, but has requested stay relief, Doc. 19, a request the Court will consider on July 21, 2016 at a previously-scheduled status conference.

case with discovery and dispositive motion practice ongoing at the time of removal. The timing of the bankruptcy filing and the removal, after counsel sought and was waiting to obtain an extension of the time in which to file the Coopers' response to Western's summary judgment motion, suggests forum shopping or delay. Finally, Western has not only objected to removal and denied that either the foreclosure or the counterclaims are core proceedings, it has withheld its consent to the bankruptcy court entering a final judgment.[21] Even if we tried this proceeding here, the bankruptcy court would still have to submit its proposed findings of fact and conclusions of the law to the district court for review and entry of judgment, adding a further layer of review and, of course, more delay.[22] Though discretionary abstention should be the exception and not the rule, the Coopers have not shown any reason to wrest jurisdiction of this case from the state court at this time.[23]

Conclusion

28 U.S.C. § 1452 allows this court to remand a removed proceeding for "any equitable ground."[24] Abstention is one such equitable ground.[25] Accordingly, the Bankruptcy Court ABSTAINS from hearing this proceeding and any of the controversies contained within it, and REMANDS the matter and all pending motions

---

[21] *See* Doc. 4; Fed. R. Bankr. P. 9027(e)(3).
[22] See Fed. R. Bank. Pro. 9033.
[23] *See* Alan N. Resnick & Henry J. Sommer eds.-in-chief, 1 COLLIER ON BANKRUPTCY ¶ 3.05 (16th ed. rev. 2016).
[24] 28 U.S.C. § 1452.
[25] *See In re Midgard Corp.*, 204 B.R. 764, 775-76 (10th Cir. BAP 1997).

in this adversary proceeding to the District Court of Sedgwick County, Kansas, to proceed through trial to judgment.[26]

###

---

[26] Western has filed a Motion for Stay Relief, doc. 19, in the bankruptcy case. That motion, along with Western's motion to dismiss for unreasonable delay, doc. 21, and Western's and the chapter 13 Trustee's objections to confirmation, doc. 22 and 25, is set for status conference on July 21, 2016.